## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sao V.,[1]

          Petitioner,

v.

Markwayne Mullin, Todd M. Lyons, and
David Easterwood,

          Respondents.

Case No. 26-CV-2520 (ECT/JFD)

**REPORT AND
RECOMMENDATION**

 

This matter is before the Court on Sao V.'s petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, a citizen of Laos, is subject to a final order of removal issued in 2018. He was placed initially in immigration detention but was released in 2019 under an order of supervision. On April 27, 2026, U.S. Immigration and Customs Enforcement ("ICE") re-detained Petitioner pursuant to an ICE administrative warrant. Petitioner is currently detained at the Sherburne County Jail. He argues that his detention is unlawful and asks for immediate release. Respondents oppose the petition. As set forth below, the Court finds that ICE did not comply with 8 C.F.R. § 241.13(i) in revoking Petitioner's release and violated Petitioner's due process rights. The Court therefore recommends that the petition be granted and Petitioner be released.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

## I.    Background

Petitioner is a citizen of Laos. (Doebler Decl. ¶ 4, Dkt. No. 8.) He entered the United States as a refugee in 1987. (*Id.*) On June 25, 2018, an immigration judge ("IJ") ordered Petitioner removed from the United States to Laos because Petitioner had been convicted of a crime that made him subject to removal. (*Id.* ¶¶ 6–7.) His subsequent appeal was dismissed. (*Id.* ¶ 8.) Petitioner was released from ICE custody on April 10, 2019, pursuant to an order of supervision, because Laos was not issuing travel documents and there was not a significant likelihood of removal in the reasonably foreseeable future. (*Id.* ¶ 9.)

On April 27, 2026, ICE "encountered" Petitioner at the Anoka County Jail. (*Id.* ¶ 10.) Petitioner had been booked on a charge of Driving While Intoxicated. (*Id.*) ICE lodged an immigration detainer and Form I-200 "Warrant for Arrest of Alien" with the Anoka County Jail. (Doebler Decl. Ex. A.). Later that evening, Deportation Officer ("DO") Doebler went to the Anoka County Jail and arrested Petitioner. (Doebler Decl. ¶ 11.) DO Doebler gave an I-200 Form to Petitioner. (*Id.* & Ex. B.) The I-200 Form given to Petitioner bears an incorrect date of April 28, 2026 at the top (Doebler Decl. Ex. B at 1), which DO Doebler cannot explain (Doebler Decl. ¶ 11). The Certificate of Service portion of the form, however, is dated April 27. (Doebler Decl. Ex. B at 1.)

Petitioner's order of supervision was revoked the day after his arrest, on April 28, 2026, on the asserted grounds that "Circumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future" and "ICE is seeking a travel document to effect your expeditious removal to Laos." (Doebler Decl. Ex. D at 1–2.) DO Doebler asserts that "Petitioner was afforded the opportunity to respond to the

reasons for the revocation." (Doebler Decl. ¶ 12.) The date of the informal interview typed on the revocation notice was April 27, which was the day *before* the revocation notice was dated. (Doebler Decl. Ex. D at 2.) The Alien Informal Interview form, however, reflects an interview date of April 28. (*Id.* at 3.) The proof of service section of the revocation notice contains another inconsistency: that Petitioner was personally served with the notice on April 28, but the typewritten date on Petitioner's signature line is April 27. (*Id.* at 2.)

According to DO Doebler, the government of Laos has recently issued travel documents so that citizens of Laos may be removed from the United States. (Doebler Decl. ¶ 13.) ICE submitted a travel document request for Petitioner to ICE's Enforcement and Removal Operations Headquarters ("ERO HQ") on May 13, 2026. (*Id.*) That request remained pending as of May 15, 2026, but DO Doebler believes it could be approved soon. (*Id.*) DO Doebler offers one example of Laos issuing a travel document that occurred approximately six weeks after the travel document request was submitted. (*Id.*)

Petitioner filed his habeas petition on May 6, 2026. He raises five grounds for relief: (1) his detention is not authorized under 8 U.S.C. § 1231; (2) Respondents violated *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001); (3) Respondents violated his due process rights; (4) Respondents violated the Fourth Amendment; and (5) Respondents failed to comply with 8 U.S.C. § 241.13. (Pet. ¶¶ 52–73.) Petitioner asks for immediate release.

Respondents ask the Court to deny the petition. They characterize Petitioner's arguments as complaints about a "paperwork problem." (Resp'ts' Resp. at 9, Dkt. No. 7.)

3

## II.    Discussion

Pursuant to 28 U.S.C. § 2241, federal courts have jurisdiction to order the release of a person held in the custody of the United States "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "This authority includes the release of detained noncitizens . . . ." *Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 779 (D. Minn. 2025).

### A.    Title 8 U.S.C. § 1231, *Zadvydas*, and Due Process

Petitioner argues that his detention violates 8 U.S.C. § 1231 because Respondents have not taken any steps to execute the removal order. (Pet. ¶ 54.) Respondents answer that ICE submitted a travel document request to ERO HQ on May 13, 2026, and that Laos has recently been issuing travel documents. (Resp'ts' Resp. at 8; Doebler Decl. ¶ 13.) Thus, they argue, there is a likelihood of removal in the reasonably foreseeable future. Petitioner also claims that his detention violates *Zadvydas* and the Fifth Amendment Due Process Clause because removal was not the primary purpose for his detention and his detention is arbitrary. (Pet. ¶¶ 28–29, 39, 57–58.)

"Except as otherwise provided in [§ 1231], when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ." 8 U.S.C. § 1231(a)(1)(A). Detention is mandatory during the 90-day period, *id.* § 1231(a)(2)(A), and prolonged detention is authorized in some circumstances, *see id.* § 1231(a)(6). "The Fifth Amendment's Due Process Clause does not permit indefinite detention under [§ 1231]," however, though "a six-month detention is presumptively constitutional." *Saengnakhone S. v. Noem*, No. 25-CV-4775 (ECT/LIB), 2026 WL 34132,

4

at *3 (D. Minn. Jan. 6, 2026) (citing *Zadvydas*, 533 U.S. at 701). After the presumptively constitutional six-month period of detention, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* (quoting *Zadvydas*, 533 U.S. at 701). If the noncitizen remains in detention after 90 days and is not covered by § 1231(a)(6), he "shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).

The release of noncitizens under § 1231(a) is governed by two regulations: 8 C.F.R. § 241.13 and 8 C.F.R. § 241.4. *Saengnakhone S.*, 2026 WL 34132, at *3 (citation omitted). Section 241.13 applies when ICE has determined there is no significant likelihood of removing a detained individual, who is subject to a final order of removal, in the reasonably foreseeable future. *Id.* Title 8 C.F.R. § 241.13 includes procedures for releasing an individual under conditions and procedures for revoking that release. 8 C.F.R. § 241.13(h)–(i). Subsection (i) authorizes revocations of release in two circumstances: (1) if the individual violates his release conditions or (2) "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." *Id.* § 241.13(i)(1), (2).

Here, Petitioner was re-detained after being released on an order of supervision. Thus, his detention is governed by 8 C.F.R. § 241.13(i), not 8 U.S.C. § 1231. *See Saengnakhone S.*, 2026 WL 34132, at *4 (describing § 1231 as the "wrong legal framework" for a noncitizen released on an order of supervision and later re-detained). To

the extent Petitioner asserts a claim based exclusively on 8 U.S.C. § 1231, it does not succeed.

Petitioner's reliance on *Zadvydas* is also misplaced. "*Zadvydas* does not apply to noncitizens subject to an order of supervision, where there has already been a determination that a noncitizen is not likely to be removed." *Vang v. Bondi*, No. 26-CV-1381(JMG), 2026 WL 458195, at *3 (D. Minn. Feb. 18, 2026) (emphasis omitted); *see also Moussa S. v. Bondi*, No. 26-CV-1408 (PJS/ECW), 2026 WL 622680, at *2 (D. Minn. Mar. 5, 2026) (stating "*Zadvydas* is irrelevant" in cases about ICE's authority to re-detain a noncitizen subject to a final order of removal). Petitioner concedes this point in his reply memorandum. (Pet'r's Reply at 13 ("*Zadvydas* does not apply to Petitioner's case.").) With respect to Petitioner's argument that Respondents violated his due process rights in re-detaining him, the Court will address that argument below.

### B.     The Fourth Amendment

Petitioner argues that ICE did not have a valid warrant at the time of his arrest because it used a Form I-200 rather than a Form I-205, and this violated the Fourth Amendment. (Pet'r's Reply at 2–3.) An ICE officer who lodges an immigration detainer must attach one of two administrative warrants: a Form I-200 (Warrant for Arrest of Alien), which should be used when the noncitizen does not have a final removal order, or a Form I-205 (Warrant of Removal/Deportation), which should be used when the noncitizen is subject to a final removal order. *Moreno v. United States*, No. 1:24-CV-245-RP, 2026 WL 1042030, at *11–12 (W.D. Tex. Mar. 25, 2026). Petitioner has cited no authority, however, that using the wrong form means the resulting detention is invalid. His only cited case on

this point, *United States v. Segura-Gomez*, No. 4:17-CR-65-FL-1, 2018 WL 6582823 (E.D.N.C. May 25, 2018), *R. & R. adopted,* 2018 WL 6259222 (E.D.N.C. Nov. 30, 2018), is inapposite. *Segura-Gomez* held that a final *order* of removal is not a substitute for an arrest warrant. *Id.* at *8. The case did not discuss the consequences of using the wrong administrative form.

The Fourth Amendment prohibits only unreasonable searches and seizures. U.S. Const. amend IV. "Fourth Amendment analysis centers around reasonableness and is on a case-by-case basis." *Mong C. ex rel. Uphaphon P. v. Mullin*, No. 26-CV-2398 (DWF/ECW), 2026 WL 1345461, at *3 (D. Minn. May 14, 2026). The question for the Court, then, is whether ICE's use of Form I-200 (Warrant for Arrest of Alien) rather than a Form I-205 (Warrant of Removal/Deportation) was unreasonable. The Court finds it was not. Petitioner has not identified any differences, material or otherwise, between the two forms. Petitioner does not dispute that ICE has the authority to revoke an order of supervision and return a noncitizen to custody. *See* 8 C.F.R. § 241.13(i). The I-200 Form used in this case contained a finding of probable cause that Petitioner was removable from the United States, and it was signed by a supervisory detention and deportation officer ("SDDO"). Although the SDDO's name has been redacted and the signature is illegible, Petitioner concedes SDDOs are authorized to issue administrative warrants. (Pet'r's Reply at 7.) Petitioner has not cited any authority that a redacted or illegible signature on an administrative warrant renders a seizure unreasonable.

Petitioner also argues that the April 27/28 date disparity on the administrative warrant suggests it may not have been properly served. Petitioner cites no authority in support of the proposition that the date disparity rendered his seizure unreasonable, however. Based on the Form I-200 that was served on Petitioner and the averments in DO Doebler's declaration, it appears the April 28 date at the top of the form was a typographical error.[2] Accordingly, the Court recommends that the petition be denied as to Petitioner's Fourth Amendment challenge to his detention.

### C.    Title 8 U.S.C. § 241.13 and Due Process

Title 8 C.F.R. § 241.13(i)(2) authorizes the revocation of a noncitizen's release "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." The applicable procedures for revoking release are set forth in subsection (3).

> Upon revocation, the alien will be notified of the reasons for revocation of his or her release. [ICE] will conduct an initial informal interview promptly after his or her return to [ICE] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification. The alien may submit any evidence or information that he or she believes shows there is no significant likelihood he or she will be removed in the reasonably foreseeable future, or that he or she has not violated the order of supervision. The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release.

---

[2] This error is consistent with other clerical errors concerning the date of the informal interview and date the revocation notice was served on Petitioner.

8

*Id.* § 241.13(i)(3). "Agencies must follow their own regulations." *Sarail A.*, 803 F. Supp. 3d at 779 (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954); *Webster v. Doe*, 486 U.S. 592, 602 n.7 (1988)).

Petitioner's first argument is that he was arrested before his release was revoked. (Pet'r's Reply at 17.) Respondents do not disagree. When ICE does not properly revoke a noncitizen's release before arresting and detaining him, that violates due process. *Ge Y. v. Noem*, No. 26-CV-1700 (KMM/LIB), 2026 WL 800005, at *5 (D. Minn. Mar. 17, 2026), *R. & R. adopted*, 2026 WL 803129 (D. Minn. Mar. 23, 2026). Here, Petitioner was arrested on April 27, 2026, the day before his release was revoked. Consequently, there was no valid basis for his arrest by ICE. The arrest therefore violated Petitioner's right to due process and entitles him to habeas relief. *Id.*

Petitioner next argues that his removal was not reasonably foreseeable when his release was revoked on April 28, 2026, because ICE's assertion of changed circumstances was conclusory. (Pet'r's Reply at 20.) Putting aside the truth of whether ICE had actually begun seeking a travel document when the revocation notice was issued,[3] an assertion by ICE that it has applied for a travel document does not comply with § 241.13(i)(2), and habeas relief is warranted. *Yee S. v. Bondi*, 806 F. Supp. 3d 894, 901–02 (D. Minn. 2025).

Before concluding, the Court will briefly address three of Petitioner's other arguments. Petitioner argues that ICE did not show he violated a condition of his release. (Pet'r's Reply at 21.) The Court did not credit that argument because the violation-of-

---

[3] The revocation notice was issued on April 28, 2026, and ICE submitted a travel document request on May 13, 2026.

conditions box was not checked on the revocation notice as a reason for revocation. Petitioner also argues that the revocation notice did not give a reason for revocation other than that circumstances had changed. (Pet'r's Reply at 24.) That is not so. Unlike Petitioner's cited case authority, the notice in this case also said that ICE was seeking a travel document to effect Petitioner's removal to Laos. Finally, Petitioner suggests the informal interview was a sham because he was detained immediately upon his release from the Anoka County Jail and had no time to prepare or records to consult. (Pet'r's Reply at 25.) The case on which Petitioner relies, however, involved a noncitizen who was arrested and interviewed on the same day he was released from a three-year prison sentence. Petitioner concedes he was detained in the Anoka County Jail for only one day.

Two of Respondents' additional arguments merit brief comment, as well. First, Respondents' allegation that they submitted a travel document request to ERO HQ on May 13, 2026, is immaterial. No travel document has been issued, and even if it had, "travel documents obtained after Petitioner's arrest and detention cannot cure Respondents' failure to comply with the due process requirements of § 241.13(i)." *Ge Y.*, 2026 WL 800005, at *7. Second, Respondents argue that the proper remedy should be a "re-do" while Petitioner remains detained. (Resp'ts' Resp. at 9.) Respondents provide no authority to support this position, however, in which case release is the appropriate remedy. *Por M. v. Sec'y of Homeland Sec.*, No. 26-CV-1546 (PJS/DJF), 2026 WL 776864, at *1 (D. Minn. Mar. 19, 2026).

## III.   Recommendation

The Court recommends that the petition for writ of habeas corpus be granted and that Petitioner be released subject to the conditions in his previous order of supervision. The parties' attention is directed to the shorter than usual deadlines for filing objections to this Report and Recommendation and for filing responses to those objections, set forth in the "Notice" below.

Accordingly, **IT IS HEREBY RECOMMENDED** that Petitioner Sao V.'s petition for a writ of habeas corpus (Dkt. No. 1) be **GRANTED** in that Petitioner be released from custody, subject to the conditions in his prior order of supervision.

Dated: May 28, 2026                          _s/ John F. Docherty_
                                             JOHN F. DOCHERTY
                                             United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) **The Court modifies the deadline such that objections are due on or before May 29, 2026. Responses to objections are due on or before June 1, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).

11