UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Sao V.,

      Petitioner,

v.

Markwayne Mullin, *Secretary, Department of Homeland Security*; Todd M. Lyons, *Acting Director, Immigration and Customs Enforcement*; and David Easterwood, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*,

      Respondents.

File No. 26-cv-2520 (ECT/JFD)

**OPINION AND ORDER**

---

Daniel P. Suitor, Daniel P. Suitor, PLLC, Minneapolis, MN, for Petitioner Sao V.

David W. Fuller and Ebony Nicole Thomas, United States Attorney's Office, Minneapolis, MN, for Respondents Markwayne Mullin, Todd M. Lyons, and David Easterwood.

---

Magistrate Judge John F. Docherty issued a Report and Recommendation dated May 28, 2026. ECF No. 10. Judge Docherty recommended that Petitioner Sao V.'s Petition for Writ of Habeas Corpus [ECF No. 1] be granted and that Sao be released from custody, subject to the conditions in his prior order of supervision. ECF No. 10 at 11. Judge Docherty identified two grounds for this conclusion: (1) Immigration and Customs Enforcement ("ICE) did not comply with 8 C.F.R. § 241.13(i) in revoking Sao's release, and (2) ICE violated Sao's due process rights. ECF No. 10 at 1, 9. Respondents objected to the Report and Recommendation, ECF No. 13, meaning it will be reviewed *de novo*

pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). This Order presumes familiarity with the Report and Recommendation.

Respondents make four objections. First, they argue that Sao cannot establish a due process violation because he has not demonstrated prejudice. ECF No. 13 at 2–3. Second, they contend that ICE complied with the regulation requiring the agency to determine that there was a significant likelihood of Sao's removal in the reasonably foreseeable future. *Id.* at 3–4; *see* 8 C.F.R. § 241.13(i)(2). Third, even if there was a procedural violation, Respondents argue that release is the wrong remedy. ECF No. 13 at 4–5. Fourth, Respondents object that the Report and Recommendation inappropriately relies on *Ge Y. v. Noem*, 26-cv-1700 (KMM/LIB), 2026 WL 800005 (D. Minn. Mar. 17, 2026), which they believe is distinguishable. ECF No. 13 at 5–6. It makes sense to start with the regulatory objection, so begin there.

The Report and Recommendation concluded that ICE failed to comply with 8 C.F.R. § 241.13(i)(2), a regulation that governs revocation of release of noncitizens who were detained under 8 U.S.C. § 1231(a)(6) and then released on an order of supervision. ECF No. 10 at 9; *see Saengnakhone S. v. Noem*, No. 25-cv-4775 (ECT/LIB), 2026 WL 34132, at *3 (D. Minn. Jan. 6, 2026) (describing legal framework); *Somvang P. v. Sec'y, Dep't of Homeland Sec.*, No. 26-cv-37 (PJS/EMB), 2026 WL 788853, at *1 (D. Minn. Mar. 20, 2026) (same); *cf. United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954) (requiring agencies to follow their own regulations). The regulation allows ICE to "revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the

2

alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). ICE must then notify the noncitizen of the reasons for revocation of release and conduct an informal interview to allow the noncitizen to respond to the reasons stated in the notification. 8 C.F.R. § 241.13(i)(3). Though in general the petitioner bears "the ultimate burden of proving entitlement to habeas relief, the regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future." *Roble v. Bondi*, 803 F. Supp. 3d 766, 772 (D. Minn. 2025) (citation omitted).

Here, the Notice of Revocation of Release stated that ICE had determined that "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future," and "ICE is seeking a travel document to effect your expeditious removal to Laos." ECF No. 8-4 at 1–2. The Revocation Notice is dated April 28, 2026. *Id.* at 2–3. ICE deportation officer James Doebler subsequently attested in a May 14, 2026 declaration filed in this case that "Laos is now issuing travel documents for removals," and that a recent travel document request for another individual was approved in just under seven weeks. ECF No. 8 ¶¶ 12–13. Officer Doebler also testified that Sao "was afforded the opportunity to respond to the reasons for revocation," *id.* ¶ 12, but the Revocation Notice does not indicate that Sao was informed about Laos issuing travel documents, *see* ECF No. 8-4. And ICE did not submit a travel document request for Sao until May 13, 2026. ECF No. 8 ¶ 13. Judge Docherty concluded, "Putting aside the truth of whether ICE had actually begun seeking a travel document when the revocation notice was issued, an assertion by ICE that it has applied for a travel document does not comply

3

with § 241.13(i)(2), and habeas relief is warranted." ECF No. 10 at 9 (footnote omitted) (citing *Yee S. v. Bondi*, 806 F. Supp. 3d 894, 901–02 (D. Minn. 2025)).

Respondents object that they have provided legally sufficient grounds under § 241.13(i)(2). They cite a decision in which the court found there was a significant likelihood of removal in the reasonably foreseeable future where "'ICE has made diligent and reasonable efforts to obtain travel documents,' the alien's native country 'ordinarily accepts repatriation,' and 'that country is acting on an application for travel documents.'" *Ahmed v. Brott*, No. 14-cv-5000 (DSD/BRT), 2015 WL 1542131, at *4 (D. Minn. Mar. 17, 2015) (quoting *Jaiteh v. Gonzales*, No. 07-cv-1727 (PJS/JJG), 2008 WL 2097592, at *3 (D. Minn. Apr. 28, 2008), *R. & R. adopted*, 2008 WL 2074163 (D. Minn. May 14, 2008)), *R. & R. adopted*, 2015 WL 1542155 (D. Minn. Apr. 7, 2015).

I agree with Judge Docherty that ICE failed to comply with § 241.13(i) in three ways. (1) On this record, there were not "changed circumstances" that made it significantly likely that Sao would be removed in the reasonably foreseeable future. (2) The lack of changed circumstance means that ICE also failed to comply with the notice requirements in § 241.13(i)(3). (3) ICE arrested Sao before revoking his release.

The regulation and case law lack bright-line rules about what facts make it significantly likely that a petitioner will be removed in the reasonably foreseeable future. ICE's possession of the petitioner's travel documents at the time of revocation would ordinarily do the trick. *See Moussa S. v. Bondi*, No. 26-cv-1408 (PJS/ECW), 2026 WL 622680, at *1 (D. Minn. Mar. 5, 2026). Whether a contemporaneous request for a travel document is enough is a closer call. *See id.* ("[A]lthough *receiving* a travel

4

document is a 'changed circumstance' justifying revocation of release under § 241.13(i)(2), merely *seeking* a travel document—without more—is not."). When, at the time of a petitioner's revocation, respondents show that ICE has requested a travel document to a foreign country, that the country is currently accepting individuals for repatriation, and that the country issues travel documents reasonably promptly and routinely, there will ordinarily be changed circumstances under the regulation. *See Saengnakhone S.*, 2026 WL 34132, at *5; *Ahmed*, 2015 WL 1542131, at *4. Those facts reflect factors that ICE considers under subsection (f), which courts apply in determining changed circumstances under subsection (i)(2). *See Sarail A. v. Bondi*, 803 F. Supp. 3d 775, 785 (D. Minn. 2025); *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023). The non-exhaustive subsection (f) factors are

> the history of the alien's efforts to comply with the order of removal, the history of [ICE's] efforts to remove aliens to the country in question or to third countries, including the ongoing nature of [ICE's] efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Respondents have not met their burden here. There is evidence that "Laos is now issuing travel documents for removals," but little information beyond that. ECF No. 8 ¶ 12; *see Chou T. v. Noem*, No. 26-cv-1432 (SHL/ECW), 2026 WL 607413, at *4 (D. Minn. Feb. 20, 2026) (citing cases finding that "the government does not meet its burden when it makes conclusory assertions of likelihood of removal"), *R. & R. adopted sub nom.*, *Thao v. Noem*,

2026 WL 613575 (D. Minn. Mar. 4, 2026).  Respondents cite a single recent travel document request that the Government of Laos granted within seven weeks.  ECF No. 8 ¶ 13.  And the record undermines ICE's statement to Sao that it was seeking a travel document for him on April 28.  ICE did not submit a travel document request until May 13, which is fifteen days after Sao was notified and interviewed.  *See* ECF No. 8-4 at 2.  That is not the kind of diligence envisioned in even the case law Respondents cite.  *See Ahmed*, 2015 WL 1542131, at *4 (describing two successful attempts to secure travel documents for petitioner, stymied by setbacks from the foreign government).  On this record, Respondents have not met their burden to show changed circumstances.  *See Sarail A.*, 803 F. Supp. 3d at 788 (concluding in an adopted Report and Recommendation that a request for a Jamaican birth certificate weeks after revocation of release "could not have constituted the supposedly changed circumstances underlying the Notice"); *Ge Y.*, 2026 WL 800005, at *7 ("[T]ravel documents obtained after Petitioner's arrest and detention cannot cure Respondents' failure to comply with the due process requirements of § 241.13(i).").  Because ICE failed to show changed circumstances, it has also failed to comply with the regulation's notice provision.  *See* 8 C.F.R. § 241.13(i)(3).

Additionally, § 241.13(i)(2) allows ICE to "revoke an alien's release under this section and return the alien to custody."  This sequencing—revocation, then detention—is important, for "it is the government's burden to show a change in circumstance *before* revoking an order of supervision and detaining a person indefinitely."  *Tou V. v. Bondi*, No. 26-cv-1381 (JMG/DLM), 2026 WL 458195, at *3 (D. Minn. Feb. 18, 2026).  Here, Sao's release was revoked on April 28, 2026.  ECF No. 8-4 at 2.  ICE arrested Sao on April

6

27, 2026, and Respondents' declarant could not explain why the date on Sao's Form I-200 does not match the arrest date. ECF No. 8 ¶ 11. Respondents do not argue that Sao's arrest complied with the regulation. *See* ECF No. 13 at 2–3. I conclude that ICE violated § 241.13(i) by arresting Sao before revoking his release.

Second, Respondents object to the Report and Recommendation's conclusion that arresting Sao before revoking his release violated due process. Because I will grant the petition on regulatory grounds, I do not reach the question of whether this failure to comply with the regulation amounted to a constitutional violation.

Third, Respondents object that release is not the appropriate remedy because Sao "remains subject to a final order of removal, ICE identified changed circumstances supporting revocation, and [Sao] has failed to establish prejudice." ECF No. 13 at 5. If there was procedural non-compliance, Respondents ask that ICE be allowed to cure those deficiencies while Sao is detained. *Id.* As Judge Docherty noted, Respondents cited no authority supporting their position, ECF No. 10 at 10, and courts in this District regularly order release when ICE violates § 241.13(i)'s procedural requirements. *See, e.g.*, *Roble*, 803 F. Supp. 3d at 774; *Garrison G. v. Bondi*, --- F. Supp. 3d ---, No. 26-cv-172 (JMB/DJF), 2026 WL 157677, *4 (D. Minn. Jan. 17, 2026); *Lor v. Schilling*, No. 26-cv-1672 (ECT/DLM), 2026 WL 765419, at *5 (D. Minn. Mar. 13, 2026), *R. & R. adopted sub nom.*, *Kou L. v. Schilling*, 2026 WL 770585 (D. Minn. Mar. 18, 2026). Release may be inappropriate when ICE has obtained travel documents after the petition's filing, and where the petitioner has notice of and has responded to the changed

circumstances.  *See Somvang P.*, 2026 WL 788853, at *3; *Saengnakhone S.*, 2026 WL 34132, at *5 n.5.  We don't have those facts here.  This objection will be overruled.

Lastly, Respondents object that the Report and Recommendation inappropriately relies on *Ge Y. v. Noem*, 26-cv-1700 (KMM/LIB), 2026 WL 800005 (D. Minn. Mar. 17, 2026), which they believe is distinguishable.  ECF No. 13 at 5–6.  The Report and Recommendation cites *Ge Y.* twice, once for the proposition that an arrest preceding revocation violates due process, and once for the proposition that travel documents obtained after an arrest cannot satisfy § 241.13(i)'s procedural requirements.  ECF No. 10 at 9–10.  Respondents appear to argue against *Ge Y.*'s ruling that "[w]hen ICE fails to meet the requirements of § 241.13(i) in revoking an individual's release, the appropriate remedy is the individual's immediate release subject to no conditions beyond those previously imposed in the order effectuating the individual's initial release from ICE custody."  2026 WL 800005, at *7; *see* ECF No. 13 at 6 ("Even if *Ge Y.* was correctly decided on its facts, this Court should decline to extend its reasoning to require release here, where Petitioner remains subject to a final order of removal, ICE identified changed circumstances supporting revocation, and Petitioner has failed to demonstrate prejudice resulting from the alleged procedural defect.").  The Report and Recommendation did not cite *Ge Y.* for this legal principle, though it concluded from other case law that release was the appropriate remedy.  ECF No. 10 at 10 (citing *Por M. v. Sec'y of Homeland Sec.*, No. 26-cv-1546 (PJS/DJF), 2026 WL 776864, at *1 (D. Minn. Mar. 19, 2026)).  Because this objection merely restates the previous objections, it will be overruled for the reasons stated above.

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1.      The Objections to the Report and Recommendation [ECF No. 13] are **OVERRULED** as explained above.

2.      The Report and Recommendation [ECF No. 10] is **ACCEPTED** as explained above.

3.      Petitioner Sao V.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED**.

4.      Respondents are **ORDERED** to release Petitioner Sao V., subject to the conditions in his prior order of supervision.

### LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 10, 2026                          s/ Eric C. Tostrud
                                               Eric C. Tostrud
                                               United States District Court

9